United States Courts
Southern District of Texas
FILED
*February 24, 2021*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CRIMINAL NO.  **4:21-cr-66** |
| LADONNA WIGGINS | § | |

<u>CRIMINAL INDICTMENT</u>

THE GRAND JURY CHARGES THAT:

### A.   INTRODUCTION

At all times material to this Indictment:

1. The Coronavirus Aid, Relief, and Economic Security (CARES) Act is a federal law enacted on March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in United States Small Business Administration (SBA) guaranteed forgivable loans to small businesses through the Paycheck Protection Program (PPP). In April 2020, Congress authorized over $300 billion in additional PPP funding.

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application is SBA Form 2483. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain

1

affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) stated, among other things, its: (a) average monthly payroll expense; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

3. A PPP loan application needed to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing a loan.

4. PPP loan proceeds needed to be used by the business on certain permissible expenses—such as payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time.

5. According to the Texas Secretary of State, LADONNA WIGGINS registered the business Wiggins & Graham Enterprise, LLC, on August 5, 2017.

6. On September 6, 2017, WIGGINS received a certificate of business for "The Concession Stand" as an assumed business of Wiggins & Graham Enterprise, LLC. Wiggins & Graham Enterprise, LLC's office address was listed in Cypress, Texas, WIGGINS' prior

2

residential address.

7. On January 25, 2019, Wiggins & Graham Enterprise, LLC business name was forfeited due to a tax forfeiture. According to the Texas Workforce Commission, there have been no wages associated with Wiggins & Graham Enterprise, LLC since its establishment.

8. According to the Secretary of State, WIGGINS registered the business Pink Lady Line, on December 27, 2011. WIGGINS did not incorporate the business or its Tax identification number for Pink Lady Line. On March 31, 2012, the Pink Lady Line Tax identification became inactive. Pink Lady Line's office address was listed in Houston, Texas, WIGGINS' prior residential address.

9. Kabbage, Inc., Woodforest National Bank, and J.P. Morgan Chase Bank are insured by the Federal Deposit Insurance Corporation (FDIC).

### B. THE SCHEME

10. On May 27, 2020, WIGGINS submitted a PPP Borrower Application Form (SBA Form 2483) to Kabbage, Inc. for her company, Wiggins & Graham Enterprise, LLC, dba The Concession Stand.

11. The PPP Application listed WIGGINS as the owner of the Wiggins & Graham Enterprise company; the business address in Cypress, Texas, WIGGINS' prior residential address; the business phone ending in 2096, WIGGINS' personal phone number; and email address as ladonnawiggins3@gmail.com.

12. Page two of SBA Form 2483 of the PPP Application included a list of certification

statements that must be initialed by the borrower. WIGGINS initialed all of the certifications, including the one that reads as follows: "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law...and, if submitted to a federally insured institution, under 18 USC § 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000." WIGGINS signed and dated SBA Form 2483 on May 27, 2020, for Wiggins & Graham Enterprise, LLC.

13. The PPP Application submitted to Kabbage, Inc. stated that Wiggins & Graham Enterprise, LLC's average monthly payroll was $731,428. As support to the PPP Application, WIGGINS submitted what she claimed to be a Form W-3 Transmittal of Wage and Tax Statements for 2019. On the submitted Form W-3, WIGGINS claimed that she had paid $8,722,079.24 in wages, tips, and other compensation in 2019.

14. The PPP Application submitted to Kabbage, Inc. stated that Wiggins & Graham Enterprise, LLC had 108 employees. As additional support to the PPP Application, WIGGINS submitted a Check Register Report (a payroll report from payroll system Paycom) for The Concession Stand LLC (dba to Wiggins & Graham Enterprise, LLC) which listed approximately 153 employees.

15. The Check Register Report WIGGINS provided as part of the PPP Application for

Wiggins & Graham Enterprise, LLC, was what WIGGINS claimed to be a payroll report for employees of The Concession Stand LLC for the period ending February 15, 2019. Paycom never serviced The Concession Stand LLC, or Wiggins & Graham Enterprise LLC. The Check Register Report WIGGINS provided as part of the PPP Application for Wiggins & Graham LLC, was an altered Check Register Report of the company where WIGGINS was employed in the human resources department.

16. On the PPP Application for Wiggins & Graham Enterprise, LLC, WIGGINS indicated that the business EIN was 82-2463141. Validity of this EIN could not be confirmed.

17. According to documents included in the PPP Application, WIGGINS utilized "docusign," which was managed by Kabbage, to sign her PPP Application documents for Wiggins & Graham Enterprise, LLC using a wireless device with the IP address: 104.183.207.42.

18. Based on the representations that WIGGINS made and caused to be made on the PPP Application, Wiggins & Graham Enterprise, LLC, received a PPP loan for $1,828,568.00 from Kabbage, Inc., and the loan was guaranteed by the SBA.

19. On or about June 1, 2020, Woodforest National Bank checking account ending in 8895 (Woodforest Account 8895) received an ACH credit for $1,828,568.00 from Kabbage, Inc., an SBA loan distributor, marked as "ACH-PPPKABBAGE 2198891 PPP FUNDING." Woodforest Account 8895 was a personal account held in the name of LaDonna F. Wiggins.

20. Prior to receiving the PPP loan for $1,828,568 into Woodforest Account 8895, WIGGINS had approximately $2,222.79 in the checking account.

21. On June 23, 2020, WIGGINS submitted another PPP Borrower Application Form (SBA Form 2483) to Kabbage, Inc. for WIGGINS' company, Pink Lady Line.

22. The PPP Application listed WIGGINS as the owner of the Pink Lady Line company, the business address in Cypress, Texas, WIGGINS' prior residential address; the business phone ending in 2096, WIGGINS' personal phone number; and email address at lwiggins@uswellservices.com.

23. Page two of the SBA Form 2483 of the PPP Application included a list of certification statements that must be initialed by the borrower. WIGGINS initialed all of the certifications, including the one that reads as follows: "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law...and, if submitted to a federally insured institution, under 18 USC § 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000." WIGGINS signed and dated SBA Form 2483 on June 23, 2020, for Pink Lady Line.

24. The PPP Application submitted to Kabbage, Inc. stated that Pink Lady Line averaged a monthly payroll of $727,831. As support to the PPP Application, WIGGINS submitted

what she claimed to be Form W-3 Transmittal of Wage and Tax Statements for 2019. On the submitted Form W-3, WIGGINS claimed that she had paid $8,577,756.24 in wages, tips, and other compensation in 2019.

25. As additional support to the PPP Application, WIGGINS submitted what she claimed to be Pink Lady Line's J.P. Morgan Chase Bank checking account ending in 8067 (Chase Account 8067) statement for May 9, 2020 through June 8, 2020. On the submitted Chase Account 8067 statement the beginning balance for the Chase Account 8067 was $1,093,862.73. Wiggins submitted an altered statement for her Chase Account 8067 for May 9, 2020 through June 8, 2020. Chase Account 8067 was in Wiggins' name alone and had a negative balance beginning on May 9, 2020.

26. On the PPP Application for Pink Lady Line, WIGGINS indicated that the business EIN was 45-3930028. Validity of this EIN could not be confirmed.

27. According to documents included in the PPP Application, WIGGINS utilized "docusign," which was managed by Kabbage, to sign her PPP Application documents for Pink Lady Line using a wireless device with the IP address: 104.183.207.42.

28. Based on the representations that WIGGINS made and caused to be made on the PPP Application, Pink Lady Line received a PPP loan for $1,819,577.00 from Kabbage, Inc., and the loan was guaranteed by the SBA.

29. On or about June 25, 2020, Chase Account 8067 received an ACH credit for $1,819,577.00 from Kabbage, Inc., an SBA loan distributor, marked as "ACH-

PPPKABBAGE 2315294 PPP FUNDING." Chase Account 8067 was a personal account held in the name of LaDonna F. Wiggins.

30. After receiving the deposit of $1,828,568.00 from Kabbage, Inc. to Woodforest Account 8895 on June 1, 2020, WIGGINS moved money to other accounts including:

On June 1, 2020:
$500,000 to WIGGINS' Chase Account 8067;

On June 1, 2020:
$270,000 to a Woodforest joint account with T.W. (WIGGINS' relative) ending in 2518. Prior to transfer from Woodforest Account 8895, Woodforest Account 2518 had a balance of $25.20;

On June 10, 2020:
$130,000 to Woodforest joint account with T.W. ending in 2518; and

One June 25, 2020:
$125,000 to Woodforest joint account with T.W. ending in 2518.

31. After receiving the deposit of $1,819,577.00 from Kabbage, Inc. to Chase Account 8067 on June 25, 2020, WIGGINS moved money to other accounts including:

June 25, 2020:
$200,000 to WIGGINS' J.P. Morgan Chase account ending in 8223

32. WIGGINS used the proceeds of the loans on the some of the following personal purchases:

On or about June 1, 2020:
WIGGINS obtained a cashier's check from Woodforest Account 8895 for $22,200 to Soto Agency c/o Jose Negrete.

On or about June 1, 2020 through August 11, 2020:
WIGGINS made debit card purchases of approximately $14,482.09 to Apple, Inc from

8

Woodforest Account 8895.

On or about June 1, 2020 through August 20, 2020:
WIGGINS made debit card purchases of approximately $36,215.31 at Amazon.com from Woodforest Account 8895 and Chase Account 8233.

On or about June 3, 2020 through August 17, 2020:
WIGGINS made debit card purchases of approximately $46,104.15 at Neiman Marcus from Woodforest Account 8895.

On or about June 8, 2020:
WIGGINS made an electronic fund transfer from Woodforest Account 8895 for $15,482.40 to Capital One Auto for the purchase of a 2018 Nissan Murano.

On or about June 8, 2020 through June 28, 2020:
WIGGINS made debit card payments from Woodforest Account 8895 totaling $82,727.84 to Navient educational loan service.

On or about June 9, 2020:
WIGGINS obtained a cashier's check from Chase Account 8067 for $78,976.45 to Momentum Land Rover for the purchase of a 2020 Land Rover Range Rover.

On or about June 10, 2020 through July 27, 2020:
WIGGINS made debit card purchases of $28,586.35 at Saks Fifth Avenue from Woodforest Account 8895 and Chase Account 8067.

On or about June 10, 2020:
WIGGINS made a debit card purchase of approximately $12,594.89 to Hermes from Woodforest Account 8895.

On or about June 10, 2020 through June 11, 2020:
WIGGINS made debit card payments of approximately $10,097 to Liberty Mutual insurance from Woodforest Account 8895.

On or about June 11, 2020:
WIGGINS made a debit card purchase of approximately $15,435.30 to Miller Anton from Woodforest Account 8895.

On or about June 15, 2020:

WIGGINS obtained a cashier's check from Woodforest Account 8895 for $14,000 to Frontier Title Company as earnest money to purchase a residence located in Cypress, Texas.

On or about June 15, 2020:
WIGGINS obtained a cashier's check from Woodforest Account 2518 for $52,303.47 to Baker Nissan North for the purchase of a 2019 Nissan Murano.

On or about June 16, 2020 through July 23, 2020:
WIGGINS made debit card purchases of approximately $63,477.83 at Chanel from Chase Accounts 8067 and 8233.

On or about June 17, 2020:
WIGGINS obtained a cashier's check from Chase Account 8067 for $204,000 to Basilios Investments LLC for purchase of a business located in Houston, Texas.

On or about June 22, 2020 through July 31, 2020:
WIGGINS made a debit card purchase of $16,456.33 to Rooms to Go, a furniture store, from Woodforest Account 2518.

On or about June 25, 2020:
WIGGINS sent an electronic fund transfer (EFT) from Chase Account 8067 for $688,489.59 to Frontier Title Company to purchase a residence located in Cypress, Texas.

On or about June 29, 2020:
WIGGINS sent an electronic fund transfer (EFT) from Woodforest Account 2518 for $248,699.48 to M/I Title company to purchase a residence located in Katy, Texas.

On or about June 30, 2020:
WIGGINS obtained a cashier's check from Chase Account 8067 for $308,000 as rental payment to Basilios Investments LLC.

On or about July 12, 2020:
WIGGINS made a debit card purchase of approximately $4,841.77 to Helzberg Diamonds from Woodforest Account 8895.

On or about July 29, 2020 through August 17, 2020:

WIGGINS obtained cashier's checks from Chase Account 8067 totaling $187,606.50 to Sahara Pools.

On or about July 29, 2020 through August 17, 2020:
WIGGINS obtained cashier's checks from Chase Account 8067 totaling $180,399 to Innerloop Construction.

On or about July 30, 2020:
WIGGINS made a debit card purchase of approximately $3,251.49 to AliExpress.com from Woodforest Account 8895.

On or about July 30, 2020:
WIGGINS made a debit card purchase of approximately $6,008.48 to Fish Gallery from Woodforest Account 2518.

On or about August 12, 2020:
WIGGINS obtained a cashier's check from Chase Account 8067 for $137,052 to Chase Dowell.

## C. THE EXECUTION OF THE SCHEME

### COUNT ONE
### Bank Fraud
### (18 U.S.C. § 1344(1))

Paragraphs 1 through 32 of the Introduction section are re-alleged and incorporated by reference as though fully set forth herein.

On or about May 27, 2020, in the Southern District of Texas and elsewhere,

**LADONNA WIGGINS**

defendant herein, knowingly executed the above described scheme and artifice to defraud a financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, WIGGINS submitted a false PPP Borrower Application Form (SBA Form 2483) on

11

behalf of her company, Wiggins & Graham Enterprise, LLC in order to receive a loan in the amount of $1,828,568.00 from Kabbage, Inc., an institution insured by the FDIC, which loan was guaranteed by the SBA.

**In violation of Title 18 U.S.C. § 1344(1).**

### COUNT TWO
### Bank Fraud
### (18 U.S.C. § 1344(1))

Paragraphs 1 through 32 of the Introduction section are re-alleged and incorporated by reference as though fully set forth herein.

On or about June 23, 2020, in the Southern District of Texas and elsewhere,

### LADONNA WIGGINS,

defendant herein, knowingly executed the above described scheme and artifice to defraud a financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, WIGGINS submitted a false PPP Borrower Application Form (SBA Form 2483) on behalf of her company, Pink Lady Line, in order to receive a loan in the amount of $1,819,577.00 from Kabbage, Inc., an institution insured by the FDIC, which loan was guaranteed by the SBA.

**In violation of Title 18 U.S.C. § 1344(1).**

## COUNT THREE
## False Statement to a Bank
## (18 U.S.C.§ 1014)

Paragraphs 1 through 32 of the Introduction section are re-alleged and incorporated by reference as though fully set forth herein.

On or about May 27, 2020, in the Southern District of Texas and elsewhere,

**LADONNA WIGGINS**,

defendant herein, knowingly made a false statement and report for the purpose of influencing the actions of Kabbage, Inc., an institution the accounts of which were insured by the FDIC, and the SBA in connection with an application for a loan, in that LADONNA WIGGINS, the defendant, stated in her PPP Application that Wiggins & Graham Enterprise, LLC had 108 employees, with an average monthly payroll of $731,428.00, when in truth and fact, as the defendant well knew, there were not 108 employees of Wiggins & Graham Enterprise, LLC, and there was not an average monthly payroll of $731,428.00.

**In violation of Title 18, U.S.C. § 1014.**

## COUNT FOUR
## False Statement to a Bank
## (18 U.S.C.§ 1014)

Paragraphs 1 through 32 of the Introduction section are re-alleged and incorporated by reference as though fully set forth herein.

On or about June 23, 2020, in the Southern District of Texas and elsewhere,

**LADONNA WIGGINS**,

defendant herein, knowingly made a false statement and report for the purpose of influencing the actions of Kabbage, Inc., an institution the accounts of which were insured by the FDIC, and the SBA in connection with an application for a loan, in that LADONNA WIGGINS, the defendant, stated in her PPP Application that Pink Lady Line had 107 employees, with an average monthly payroll of $727,831.00, when in truth and fact, as the defendant well knew, there were not 107 employees of Pink Lady Line, and there was not an average monthly payroll of $727,831.00.

**In violation of Title 18, U.S.C. § 1014.**

## COUNTS FIVE THROUGH NINE
### Money Laundering
### 18 U.S.C. § 1957

Paragraphs 1 through 32 of the Introduction section are re-alleged and incorporated by reference as though fully set forth herein.

On or about the dates set forth below, in the Southern District of Texas and elsewhere,

**LADONNA WIGGINS**,

knowingly engaged and attempted to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in a criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, a fraudulent loan application, a violation of Title 18 U.S.C. § 1014, as follows:

| Count | Date | Monetary Transaction |
|---|---|---|
| 5 | June 1, 2020 | Transfer of $500,000 from Woodforest Account 8895 in the name of LaDonna Wiggins to Chase Account 8067 in the name of LaDonna Wiggins |
| 6 | June 1, 2020 | Transfer of $270,000 from Woodforest Account 8895 in the name of LaDonna Wiggins to Woodforest Account 2518 in the name of LaDonna Wiggins and T.W. |
| 7 | June 10, 2020 | Transfer of $130,000 from Woodforest Account 8895 in the name of LaDonna Wiggins to Woodforest Account 2518 in the name of LaDonna Wiggins and T.W. |
| 8 | June 25, 2020 | Transfer of $500,000 from Woodforest Account 8895 in the name of LaDonna Wiggins to Woodforest Account 2518 in the name of LaDonna Wiggins and T.W. |
| 9 | June 25, 2020 | Transfer of $200,000 from J.P. Morgan Chase Account 8067 in the name of LaDonna Wiggins to J.P. Morgan Chase Account 8233 in the name of LaDonna Wiggins |

**In violation of Title 18, U.S.C. § 1957.**

## NOTICE OF FORFEITURE
## (18 U.S.C. § 982(a)(2))

Pursuant to Title 18, United States Code, Section 982(a)(2), the United States gives notice to defendant,

## LADONNA WIGGINS,

that in the event of her conviction of any of the offenses charged in Counts One through Four of this Indictment, all property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of the offense, is subject to forfeiture.

## NOTICE OF FORFEITURE
## (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant,

## LADONNA WIGGINS,

that in the event of her conviction of any of the offenses charged in Count Five through Nine of this Indictment, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

## Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following personal property:

| Asset No. | Asset Type or Bank | Description (including VIN or account number) |
|---|---|---|
| 1 | Woodforest National Bank | $374,830.20 seized from Account 8895 |
| 2 | Woodforest National Bank | $68,335.41 seized from Account 2518 |
| 3 | J.P. Morgan Chase Bank | $39,835.76 seized from Account 8233 |
| 4 | J.P. Morgan Chase Bank | $35,253.59 seized from Account 8067 |
| 5 | Vehicle | 2020 Land Rover Range Rover, VIN# SALYB2FV3LA275235 |

Defendant is further notified that the property subject to forfeiture includes, but is not limited to, the following real property, together with all improvements, buildings, structures and appurtenances:

(a)  real property located in Katy, Texas, which is legally described as follows:

> Lot Five (5), in Block Two (2), of LANTANA, Sec. 3, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded under Film Code No. 689674 of the Map Records of Harris County, Texas.

The record owner is T.W., WIGGINS' relative.

(b)  real property located in Cypress, Texas, which is legally described as follows:

> Lot Thirty-Nine (39), in Block Two 92), of TOWNE LAKE, Sec. 43, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded under Film Code No. 680505 of the Map Records of Harris County, Texas.

The record owner is WIGGINS.

## Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendant is notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the Defendant up to the total value of the property subject to forfeiture.

A True Bill:

 Original Signature on file 
Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By: _____
Zahra Jivani Fenelon
Assistant United States Attorney