# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## Houston Division

| | | |
|---|---|---|
| LADONNA WIGGINS, | ] | Hon. Charles Eskridge, U.S.D.J. |
| Defendant | ] | Pretrial Omnibus Motions |
| v. | ] | No. 4:21-cr-00066-1 |
| UNITED STATES, | ] | <u>Criminal Action</u> |
| Plaintiff. | ] | |
| | ] | |

## NOTICE OF DEFENDANT'S PRETRIAL OMNIBUS MOTIONS

PLEASE TAKE NOTICE that Defendant, LaDonna Wiggins, will move this Court, by and through Counsel, and upon the enclosed Memorandum of Law, before the Honorable Charles Eskridge, U.S.D.J., at the United States Courthouse, 515 Rusk Street, Room 8607, Houston, Texas 77002, at such time as the Court may direct, for an order: (a) suppressing any and all evidence obtained through, or derived from, the execution of a search warrant at Ms. Wiggins residence on February 9, 2021; (b) suppressing any and all statements alleged to have been made by Ms. Wiggins' minor son to law enforcement on February 9, 2021, as well as any and all evidence derived from such statements; (c) compelling the Government to disclose any oral, written, or recorded statements alleged to have been made by the Defendant to law enforcement or other Government agents regarding this matter; (d) declaring the case as complex and extending trial and scheduling dates; (e) granting leave to file additional motions as additional

1

information and discovery materials become available; and (f) granting the
opportunity to present oral argument as to these motions.

Dated: March 16, 2021
      Fort Lee, New Jersey

Respectfully Submitted,

**/s/ Patrick A. Mullin**

Patrick A. Mullin, Esq.

S.D. Texas Bar No. NJ1042197

The Law Offices of Patrick A. Mullin

45 Rockefeller Plaza, Suite 2000

New York, New York 10111

Phone: (212)639-1600

Facsimile: (201)242-9610

Mullin@Taxdefense.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
Houston Division**

| | | |
|---|---|---|
| _____ | | |
| LADONNA WIGGINS, | ] | Hon. Charles Eskridge, U.S.D.J. |
| Defendant | ] | Pretrial Omnibus Motions |
|    v. | ] | No. 4:21-cr-00066-1 |
| UNITED STATES, | ] | <u>Criminal Action</u> |
| Plaintiff. | ] | |
| _____ | ] | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRETRIAL
OMNIBUS MOTIONS**

## TABLE OF CONTENTS

Notice of Motion ……………...………………………….…………………… 1

Memorandum of Law ……………...……………………….……….……….. 3

Table of Contents ……………….…………………………...……….……….. 4

Table of Authorities ……………….……………………………….……..… 6

Preliminary Statement …………………….……………………………… 8

Procedural History/Statement of Facts ………………………………… 8

Certificate of Conference …………………….……………………………… 9

Legal Argument …………………………….…………………………… 10

Point One: Motions to Suppress ………………………………………….... 10

    I.    Defendant Moves for Suppression of All Evidence Obtained During, or Derivative of, the Search of Ms. Wiggins' Residence on February 9, 2021 as in Violation of the Warrant Requirements Set Forth in the Fourth Amendment to the U.S. Constitution ….…… 11

        A.    The Search Warrant Lacked Probable Cause …….…..……... 12

        B.    Because the Search Warrant Lacked Probable Cause, Evidence Obtained During, or Derivative of, Its Execution Must Be Suppressed …………………………...………… 14

    II.    Defendant Moves to Suppress any Statement Alleged to Have Been Made by Defendant's Son to Law Enforcement During the Execution of the Search Warrant on February 9, 2021 as Unconstitutional …………………………………………………… 15

        A.    Any Statements Alleged to Have Been Made by Defendant's Son on February 9, 2021 Were Elicited in Response to Interrogation by Law Enforcement ..….……….. 16

4

B.     Defendant's Son Was "In Custody" When His Statement
Was Allegedly Given …………………………………………… 17

C.     Any Statements Alleged to Have Been Made by
Defendant's Son to Law Enforcement on
February 9, 2021 Must Therefore Be Suppressed Due to
the Agents' Failure to Comply with Miranda ……………… 19

Point Two: Motions to Compel ………………………………………………… 20

    I.     Defendant Moves for Disclosure of Any and All Statements
Alleged to Have Been Made by Defendant to Law Enforcement
Agents Regarding this Matter …………………..……………… 20

Point Three: Scheduling Motions ……………………...…………………... 21

    I.     Defendant Requests the Court Declare the Case as Complex and
Extend Trial and Scheduling Dates ………………………….... 21

    II.     Defendant Requests Leave to File Additional Motions as They
Become Appropriate ……………………...……………………... 23

Conclusion ……………………………………………………………… 23

Certificate of Word Count ……………………………...…………………… 25

Certificate of Service …………………………...…………………………… 26

Proposed Form of Order …………………………………………………….... 27

# TABLE OF AUTHORITIES

## Statutes

United States Constitution, Fourth Amendment ………………..……….. *passim*

United States Constitution, Fifth Amendment ……………………….. 10, 15, 19

18 U.S.C. § 1014 ………………………………………………..……. 8, 21

18 U.S.C. § 1344(1) ………………………………………….…..……. 8, 21

18 U.S.C. § 1957 …………………………………………………..……. 8, 21

18 U.S.C. § 3161 ……………………………………………....………. 22

Federal Rule of Criminal Procedure 16(a) …………………………...………. 20

## Case Law

*Bartholomew v. Pennsylvania*, 221 F.3d 425 (3d Cir. 2000) ………..………….. 13

*Illinois v. Gates*, 462 U.S. 213 (1983) ……………………...……………… 12

*Jackson v. Denno*, 378 U.S. 368 (1964) ………………..………………… 11

*Mapp v. Ohio*, 367 U.S. 643 (1961) ………………..………………… 14

*Massachusetts v. Upton*, 466 U.S. 727 (1984) ………..……………………… 12

*Miranda v. Arizona*, 384 U.S. 436 (1966) …..…………………………... *passim*

*Nardone v. United States*, 308 U.S. 338 (1939) …………………..………… 14

*Orozco v. Texas*, 394 U.S. 324 (1969) ………………………..…………… 18

*Rhode Island v. Innis*, 446 U.S. 291 (1980) ………………..……………… 17

*Thompson v. Keohane*, 516 U.S. 99 (1995) ……………..………………….. 17, 19

*United States v. Craighead*, 539 F.3d 1073 (9th Cir. 2008) …………...……. 18, 19

*United States v. Franz*, 772 F.3d 134 (3d Cir. 2014) ……………..……. 12, 13, 14

*United States v. Groezinger*, 625 F.Supp. 2d 145 (S.D.N.Y. 2009) ……..……… 19

*United States v. Harrelson*, 705 F.2d 733 (5th Cir. 1983) …………..………….. 11

*United States v. Hashime*, 734 F.3d 278 (4th Cir. 2013) …………..……………. 18

*United States v. Kim*, 292 F.3d 969 (9th Cir. 2002) …………..…………………. 17

*United States v. Merchant*, 2019 U.S. Dist. LEXIS 143457 (D. V.I. 2019) … 13, 14

*United States v. Morris*, 2017 U.S. Dist. LEXIS 185365 (S.D. Ga. 2017) ...…. 7, 14

*United States v. Rodriguez*, 356 F.3d 254 (2d Cir. 2004) …………..………... 16

*Wong Sun v. United States*, 371 U.S. 471 (1963) ……………….....……… 14, 16

## PRELIMINARY STATEMENT

LaDonna Wiggins, defendant in this matter ("Ms. Wiggins" and "Defendant"), is charged by way of criminal indictment no. 4:21-cr-66 (the "Indictment"), with two (2) counts of bank fraud in violation of 18 U.S.C. § 1344(1), two (2) counts of making a false statement to a bank in violation of 18 U.S.C. § 1014, and five (5) counts of money laundering in violation of 18 U.S.C. § 1957.

## PROCEDURAL HISTORY/STATEMENT OF FACTS

The Indictment was returned against Ms. Wiggins on February 24, 2021.  On March 2, 2021, Ms. Wiggins made an initial appearance and was arraigned before this Court and was released on bond at that time.  On March 3, 2021, this Court entered a Scheduling Order, whereby dispositive motions are due by March 16, 2021, with pretrial materials are due May 3, 2021, a pretrial conference is set for May 7, 2021, and jury selection is scheduled to begin on May 11, 2021.

By and through counsel, Ms. Wiggins timely files these Omnibus Pretrial Motions, requesting that the Court: (a) suppress evidence obtained through the execution of a search warrant at Ms. Wiggins residence on February 9, 2021; (b) suppress any and all statements alleged to have been made by Ms. Wiggins' minor son to law enforcement on February 9, 2021; (c) compel the Government to

disclose any oral, written, or recorded statements alleged to have been made by the Defendant to law enforcement or other Government agents regarding this matter; and (d) declare the case as complex and extend trial and scheduling dates.

Defendant further requests the right to file additional motions as additional information and discovery materials become available.

Finally, the Defendant requests the opportunity to present oral argument as to these Pretrial Omnibus Motions.

## CERTIFICATE OF CONFERENCE

On March 11, 2021, the Defense conferred via email with the Government regarding pretrial motions.  At that time, the Government and Defense agreed to the following:

1.  Reciprocal disclosure of all Jencks Act material will be made one (1) week prior to trial;

2.  The Government will disclose any Rule 404(b) materials thirty (30) days prior to trial;

3.  The Government will request that all law enforcement personnel preserve their rough notes related to this matter; and

4.  Reciprocal production of exhibit lists and witness lists will be made thirty (30) days prior to trial.

The Government further advised at that time that it opposes the Defense's Motion to Suppress evidence obtained through execution of the search warrant, as well as any statements alleged to have been given by Defendant's minor son during the execution of the search warrant.

The Government advised that it opposes declaring the case complex but that it would be agreeable to a request that the trial date in this matter be postponed to November, 2021, to allow both sides to adequately prepare for trial.

Finally, the Government advised that it would leave to the Court's discretion whether to grant the Defense's request for leave to file additional motions, including, but not limited to discovery-related motions, as appropriate.

## LEGAL ARGUMENT

### POINT ONE: MOTIONS TO SUPPRESS

Defendant moves, by and through counsel, to suppress, on the basis of the Fourth and Fifth Amendments to the United States Constitution, as well as applicable case law, the interests of justice, and any other points and authorities the Court deems relevant: (a) any and all evidence obtained through, or derived from, the execution of a search warrant on Defendant's residence on February 9, 2021; and (b) any and all statements alleged to have been made by Defendant's minor son to law enforcement agents during the execution of the search warrant on February 9, 2021. Defendant, moreover, requests the right to bring additional

10

motions to challenge any statements alleged to have been made by Defendant to law enforcement, pending the Government's disclosure of any such statements, as requested in Point Two below.

Defendant requests an evidentiary hearing on these motions to suppress. *See Jackson v. Denno*, 378 U.S. 368, 380 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and voluntariness of his confession are actually and reliably determined."); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (an evidentiary hearing is required on a motion to suppress if necessary to receive evidence on an issue of fact).

I.    **Defendant Moves for Suppression of All Evidence Obtained During, or Derivative of, the Search of Ms. Wiggins' Residence on February 9, 2021 as in Violation of the Warrant Requirements Set Forth in the Fourth Amendment to the U.S. Constitution.**

On February 9, 2021, Government agents executed a search warrant on Defendant's residence pursuant to a sealed search warrant issued on February 8, 2021 by U.S. Magistrate Judge Dena H. Palermo ("Search Warrant"). While there is reference to an "Affidavit" in the Search Warrant and documents labeled "Attachments A and B", Defendant has advised that she was not provided with a copy of this Affidavit at the time the search was conducted. Nor was Defense

Counsel provided with a copy of the Affidavit when the Search Warrant and documents labeled "Attachments A and B" were provided.

Accordingly, as set forth below, Defendant submits that the search was conducted in violation of the Fourth Amendment warrant requirement because neither the Defendant nor Defense Counsel has been provided with a copy of the supporting Affidavit to establish probable cause, and the Search Warrant does not establish probable cause on its face.

### A.   The Search Warrant Lacked Probable Cause.

The Fourth Amendment to the U.S. Constitution states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The U.S. Supreme Court has described the necessary probable cause as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Courts should review warrants "to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

Courts have held that, even where a warrant is otherwise facially valid when issued, its execution may be in violation of the requirements set forth in the Fourth Amendment where the subject of the search is not presented with all of the

documents supporting the warrant.  *See United States v. Franz*, 772 F.3d 134, 144 (3d Cir. 2014) ("The Nardinger Warrant was facially valid when issued but the execution of it violated Franz's Fourth Amendment rights because, as presented to Franz, it did not contain a particularized list of items to be seized."); *Bartholomew v. Pennsylvania*, 221 F.3d 425, 429 (3d Cir. 2000) (holding that where supporting documents required to meet the Fourth Amendment warrant requirement are "sealed", the Fourth Amendment is violated, even if those documents are referenced on the face of the warrant); *United States v. Merchant*, 2019 U.S. Dist. LEXIS 143457, at *26 (D. V.I. 2019) ("Because the warrant, as executed, was not accompanied by the incorporated supporting documents when it was presented to Defendant, it failed to 'inform the subject of the search [as to] what can be seized,' . . . . Accordingly, the warrant failed to satisfy the second prong of the Fourth Amendment's particularity requirement.") (citing *Bartholomew*, 221 F.3d at 429, *United States v. Wright*, 493 F. App'x 265, 268-69 (3d Cir. 2012)); *United States v. Morris*, 2017 U.S. Dist. LEXIS 185365 (S.D. Ga. 2017) (finding that a warrant was invalid where it failed to incorporate a particularized affidavit by reference and the affidavit was not attached to the warrant).

In this matter, the Search Warrant states only that "the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property" and does not establish the basis for a finding of probable cause on the

face of the warrant. Accordingly, because the Affidavit upon which the Search Warrant relies to establish probable cause was provided neither to the Defendant at the time of the search nor to Defense Counsel, the Search Warrant lacks sufficient probable cause to meet the standard required by the Fourth Amendment. *See*, *e.g.*, *Franz*, 772 F.3d at 144; *Bartholomew*, 221 F.3d at 429; *Merchant*, 2019 U.S. Dist. LEXIS 143457, at *26; *Morris*, 2017 U.S. Dist. LEXIS 185365.

**B.     Because the Search Warrant Lacked Probable Cause, Evidence Obtained During, or Derivative of, Its Execution Must Be Suppressed.**

Evidence as a result of an illegal search or seizure must be excluded from use against a criminal defendant. *Mapp v. Ohio*, 367 U.S. 643, 648 (1961) (citing *Weeks v. United States*, 232 U.S. 383 (1914)). This includes not only evidence directly obtained as a result of an illegal search or seizure but also evidence which was derivative of such search or seizure, or so-called "fruit of the poisonous tree." *Nardone v. United States*, 308 U.S. 338, 341 (1939); *see also Wong Sun v. United States*, 371 U.S. 471, 484 (1963) (citing *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920) (holding that the derivative rule "extends as well to the indirect as the direct products" of unconstitutional conduct).

Because the search warrant executed on Defendant's residence lacked probable cause, the search was illegal, and any and all evidence obtained as a result

of the search, as well as evidence derived from such evidence, must be suppressed. *See Mapp*, 367 U.S. at 648; *Nardone*, 308 U.S. at 341; *Wong Sun*, 371 U.S. at 484.

II.   **Defendant Moves to Suppress any Statement Alleged to Have Been Made by Defendant's Son to Law Enforcement During the Execution of the Search Warrant on February 9, 2021 as Unconstitutional.**

The Fifth Amendment to the U.S. Constitution provides that no person shall "be compelled in any criminal case to be a witness against himself." In *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), the U.S. Supreme Court held that the prosecution may not use statements elicited through custodial interrogations unless the use of procedural safeguards guarantee that the accused has been informed of and freely waived his Fifth Amendment rights.

The *Miranda* Court defined these required procedural safeguards to include the following:

1.   Law enforcement officers must warn the individual being interrogated that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed" prior to the commencement of any interrogation. *Id.* at 444.

2.     If the individual "indicates in any manner that he wishes to consult with an attorney before speaking, there can be no questioning." *Id.* at 444–45.

3.     If the individual is alone and indicates in any manner that he does not wish to be interrogated, law enforcement may not question him. *Id.* at 445.

4.     Any waiver of these rights must be "voluntary, knowing, and intelligent". *Id.* at 444.

These requirements apply when the individual is "in custody" and the statements elicited are in response to "interrogation by law enforcement." *Id.* at 444; *see also United States v. Rodriguez*, 356 F.3d 254, 258 (2d Cir. 2004) (quoting *United States v. Morales*, 834 F.2d 35, 38 (2d Cir. 1987)) ("Custodial interrogation exists when a law enforcement official questions an individual and that questioning was: (1) conducted in custodial settings that have inherently coercive pressures that tend to undermine the individual's will to resist and to compel him to speak … (the in custody requirement) and (2) when the inquiry is conducted by officials who are aware of the potentially incriminating nature of the disclosures sought (the investigatory intent requirement)").

A.     <u>**Any Statements Alleged to Have Been Made by Defendant's Son on February 9, 2021 Were Elicited in Response to Interrogation by Law Enforcement.**</u>

16

The U.S. Supreme Court has defined "interrogation" for purposes of *Miranda* as "express questioning" or any activity by law enforcement officers "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

In this matter, Defendant's son, who is presently sixteen (16) years old, was, to our understanding, questioned by law enforcement agents when the Search Warrant was executed at Defendant's residence, where her son also resides, on February 9, 2021. Although Defendant's son is in no way involved, or alleged to be involved, in this conduct alleged against Defendant in this matter, we understand that her son was nonetheless expressly questioned during the execution of the Search Warrant, constituting an "interrogation" for purposes of *Miranda*. *See Innis*, 446 U.S. at 301.

### B.   Defendant's Son Was "In Custody" When His Statement Was Allegedly Given.

The U.S. Supreme Court has held that an individual is "in custody" for purposes of *Miranda* if a reasonable person in the same situation would "have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995), superseded by statute on other grounds, 28 U.S.C. § 2254.

While the mere fact that an individual has been temporarily detained during the execution of a search warrant does not by itself place him "in custody", if the

officer interrogates the individual beyond the limited questioning required to execute the warrant (*e.g*., identity, residence, etc.), *Miranda* warnings are required. *United States v. Kim*, 292 F.3d 969, 976 (9th Cir. 2002) (if officers "had asked questions going beyond a brief" inquiry related to the search, Defendant "would, it appears, have been entitled to Miranda warnings").

An individual can be "in custody" even if interrogated in his own residence. *See*, *e.g*., *Orozco v. Texas*, 394 U.S. 324, 326–27 (1969) (holding that defendant was "in custody" despite being interrogated in his own bed at the boarding house where he resided); *United States v. Craighead*, 539 F.3d 1073 (9th Cir. 2008).  As stated by the Ninth Circuit Court of Appeals, "If a reasonable person is interrogated inside his own home and is told he is 'free to leave', where will he go? . . . To be 'free' to leave is a hollow right if the one place the suspect cannot go is his own home." *Id.* at 1083.

The *Craighead* court also noted that isolation from others is a "crucial" factor in determining whether a suspect was "in custody." *Id.* at 1086–87 (citing *Miranda*, 384 U.S. at 445–46, 449–50).  Similarly, the Fourth Circuit Court of Appeals held in *United States v. Hashime*, 734 F.3d 278, 285 (4th Cir. 2013), that a defendant who was interrogated in a storage room of his basement was "in custody" for purposes of *Miranda*, warranting reversal of his conviction where *Miranda* warnings were not given until well into the interrogation.

18

Defendant has advised that it is her understanding that early in the morning on February 9, 2021, numerous law enforcement agents and vehicles descended upon her home to execute the Search Warrant.  It is Defendant's further understanding that law enforcement agents blocked access to the street surrounding her home and that they pointed a weapon at her minor son when he answered the front door to home.  Finally, Defendant has advised that the agents then proceeded to interrogate Defendant's son while performing a search of the residence.  Under these circumstances, Defendant's teenage son would not have felt free to leave and was, therefore, clearly "in custody" for purposes of *Miranda*.  *See Keohane*, 516 U.S. at 112; *Craighead*, 539 F.3d 1073.

## C. Any Statements Alleged to Have Been Made by Defendant's Son to Law Enforcement on February 9, 2021 Must Therefore Be Suppressed Due to the Agents' Failure to Comply with *Miranda*.

Statements made in violation of *Miranda* must be suppressed, even if they were voluntarily given.  *Miranda*, 384 U.S. at 444.  Put another way, "[s]tatements stemming from the custodial interrogation of an individual are presumed involuntary, and therefore inadmissible, unless the authorities administer the now familiar warnings first set forth in *Miranda*."  *United States v. Groezinger*, 625 F.Supp. 2d 145, 157 (S.D.N.Y. 2009).

Defendant has advised that her son was not advised of his Fifth Amendment rights, as required by *Miranda v. Arizona*, prior to, or at any time during, his

19

custodial interrogation on February 9, 2021.  Accordingly, any statements alleged to have been made by Defendant's son to law enforcement during execution of the Search Warrant on February 9, 2021 were taken in violation of *Miranda* and his Fifth Amendment rights and must be suppressed.  *See Miranda*, 384 U.S. at 444. Moreover, any evidence derived from these statements must also be suppressed as "fruit of the poisonous tree".  *Wong Sun*, 371 U.S. at 484.

## POINT TWO: MOTIONS TO COMPEL

### I.    Defendant Moves for Disclosure of Any and All Statements Alleged to Have Been Made by Defendant to Law Enforcement Agents Regarding this Matter.

Federal Rule of Criminal Procedure 16(a) requires the Government to disclose, among other things, "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial" and "any relevant written or recorded statement by the defendant if: (i) statement is within the government's possession, custody, or control; and the attorney for the government knows—or through due diligence could know—that the statement exists; (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent."

20

Accordingly, Defendant hereby requests that the Court order the Government to disclose any oral, written, or recorded statement alleged to have been made by Defendant within the Government's custody, possession, or control, as required by Rule 16(a). Defendant further reserves the right to bring an additional application to suppress any such statement, once provided by the Government, on any available grounds.

**POINT THREE: SCHEDULING MOTIONS**

**I.** **Defendant Requests the Court Declare the Case as Complex and Extend Trial and Scheduling Dates.**

Defendant respectfully requests that the Court declare the case as complex and extend trial and scheduling dates. As noted in prior section, the Indictment charges Ms. Wiggins with two (2) counts of bank fraud in violation of 18 U.S.C. § 1344(1), two (2) counts of making a false statement to a bank in violation of 18 U.S.C. § 1014, and five (5) counts of money laundering in violation of 18 U.S.C. § 1957. The facts underlying this Indictment are complex and will involve extensive pretrial preparation and discovery.

The Government and Defense are attempting to coordinate discovery without involving the Court. Nevertheless, discovery has entailed, and will entail, making available numerous documents the United States obtained from banks, loan processors, and others, with a total size of at least 2.3 gigabytes, as well as reviewing extensive discovery materials provided by the Government to the

Defense.  Defendant's analysis of this evidence is likely to be time consuming, in that it will require detailed examination and analysis of numerous financial transactions.

Due to the unusual and complex nature of the case, it is "unreasonable" to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(3)(7)(B). The Defense submit that, under the circumstances, to proceed on the currently scheduled trial date of May 11, 2021, would significantly jeopardize Defendant's ability to defend herself against the pending charges.

The Defense also submit that the failure to grant a continuance in this case would deny Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. *Id.*  Finally, the Defense submits that the ends of justice served by granting a continuance outweigh the best interest of the public and the Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(3)(7)(A).

According, Defendant respectfully requests that the Court declare this a "complex case" pursuant to 18 U.S.C. § 3161(h)(3)(7)(A) and postpone trial in this matter until at least mid-November, 2021.  In consideration, we ask that the Court note that Defense Counsel, Patrick Mullin, is presently scheduled to appear in Court in the following matters this year: (a) July 20, 2021 in the matter of *United*

22

*States v. Randolph Morris* (No. 5:21-cr-14) in the U.S. District Court for the Eastern District of Kentucky; (b) August 23, 2021 in the matter of *United States v. Eric Yong Woo, et al.* (No. 1:19-cr-334) in the U.S. District Court for the Eastern District of Virginia; and (c) October 25, 2021 in the matter of *State of Iowa v. Justin Hodges* (FECR328600) in the Iowa District Court for Polk County.

The Government has advised via a March 11, 2021 email that, while it opposes declaring this a "complex case", it would be amenable to a November, 2021 trial date.

## II.  Defendant Requests Leave to File Additional Motions as They Become Appropriate.

Defendant hereby reserves the right to file additional motions not currently contemplated, including the right to move to suppress evidence offered by the Government, that may arise due to discovery not yet provided or other arising legal or factual issues.

### CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's foregoing Motions, as well as such other and further relief as the Court may deem just and proper.  Defendant requests the opportunity to present oral argument through Counsel on these motions, if the Court deems it appropriate.

Respectfully Submitted,

**/s/ Patrick A. Mullin**
Patrick A. Mullin, Esq.
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212)639-1600
Attorney for Defendant, LaDonna Wiggins

Dated: March 16, 2021
        Fort Lee, New Jersey

## **CERTIFICATE OF WORD COUNT**

This document is in compliance with the Court Procedures because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font and contains 3,595 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

**/s/ Patrick A. Mullin**
Patrick A. Mullin, Esq.

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
Houston Division**

_____

| | |
|---|---|
| LADONNA WIGGINS, | ] Hon. Charles Eskridge, U.S.D.J. |
| Defendant | ] Pretrial Omnibus Motions |
| v. | ] No. 4:21-cr-00066-1 |
| UNITED STATES, | ] <u>Criminal Action</u> |
| Plaintiff. | ] |
| _____ | ] |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Pretrial Omninus Motions accompanying Memorandum of Law has been served via the ECF system for the U.S. District Court for the Southern District of Texas upon Zahra Fenelon, Assistant United States Attorney, Southern District of Texas.

Dated: March 16, 2021
        Fort Lee, New Jersey

<u>**/s/ Patrick A. Mullin**</u>
Patrick A. Mullin, Esq.
Attorney for Defendant, LaDonna Wiggins

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
### Houston Division

| | |
|---|---|
| LADONNA WIGGINS, | Hon. Charles Eskridge, U.S.D.J. |
| Defendant | Order |
| v. | No. 4:21-cr-00066-1 |
| UNITED STATES, | Criminal Action |
| Plaintiff. | |

THIS MATTER having been brought before the Court on motion of Defendant, LaDonna Wiggins, by and through Counsel, for an Order, and the Court having considered the matter and good cause appearing,

IT IS on this _____ day of _____, 2021,

**ORDERED** that:

1.    Any and all evidence obtained through, or derived from, the execution of a search warrant at Ms. Wiggins residence on February 9, 2021 be suppressed;

2.    Any and all statements alleged to have been made by Ms. Wiggins' minor son to law enforcement on February 9, 2021, as well as any and all evidence derived from such statements be suppress;

3.    The Government immediately disclose any oral, written, or recorded statements alleged to have been made by the Defendant to law enforcement or other Government agents regarding this matter;

27

4.      This case be designated as "complex" pursuant to the Speedy Trial

Act and that trial and scheduling dates be extended accordingly; and

5.      The Defense be granted leave to file additional motions as additional

information and discovery materials become available.


_____

Honorable Charles Eskridge, U.S.D.J.