United States District Court
Southern District of Texas
**ENTERED**
July 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | CIVIL ACTION NO. 4:21-cr-00066 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| LADONNA WIGGINS, Defendant. | § § | |

OPINION AND ORDER
DENYING MOTION TO DISMISS

The United States charges Defendant LaDonna Wiggins with six counts of wire fraud in violation of 18 USC § 1343 and five counts of money laundering in violation of 18 USC § 1957. Count One (wire fraud) resulted from a Paycheck Protection Program loan application through Square Capital LLC by Wiggins for The Concession Stand. Count Two (wire fraud) resulted from a PPP loan application through Square Capital by Wiggins for Wiggins & Graham Enterprise LLC. Counts Three and Four (wire fraud) resulted from a PPP loan application through Kabbage Inc by Wiggins for Wiggins & Graham Enterprise, and the resulting $1.8 million disbursement. Counts Five and Six (wire fraud) resulted from a PPP loan application through Kabbage by Wiggins for Pink Lady Line, and the resulting $1.8 million disbursement. Counts Seven through Eleven (money laundering) resulted from later transfers of the disbursed funds. Dkt 68 at 6–8.

Wiggins moved to dismiss Counts Four and Six for failure to state an offense or as multiplicitous of Counts Three and Five, respectively. She also moved to dismiss the corresponding money-laundering counts. Dkts 50 & 75. These arguments were addressed at hearing on May 19,

2022. The Court reserved ruling on the motions pending further briefing on the issue of whether a transfer of money by wire is sufficient to allege wire fraud. Dkt 88 at 2. The motions are now ripe in that regard. See Dkts 93 & 94.

*As to failure to state an offense.* Section 1343 of Title 18 states in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned for not more than 20 years, or both.

The elements of wire fraud are thus (i) a scheme to defraud and (ii) the use of, or causing the use of, wire communications in furtherance of that scheme. *United States v Dowl*, 619 F3d 494, 499 (5th Cir 2010).

Wiggins originally asserted that Counts Four and Six fail to allege that she transmitted or caused to be transmitted a "writing, sign, signal, picture, or sound" in furtherance of her alleged scheme because each count is based on a transfer of money by wire. Dkt 50 at 9. But in subsequent briefing, she implicitly concedes that such transfers can in fact serve as the basis for wire fraud. See Dkt 93. As well she should—it's beyond dispute that transfers of money by wire constitute a transfer of a writing, sign, signal, picture, or sound for the purpose of Section 1343. For example, see *United States v Kennedy*, 707 F3d 558, 566 & n 17 (5th Cir 2013) (upholding wire-fraud convictions based on wire transfers of money from lenders to bank in response to fraudulent loan applications); *Dowl*, 619 F3d at 499–500; *United States v Jonas*, 824 F Appx 224, 228 n 3 (5th Cir 2020, *per curiam*).

Counts Four and Six state an offense.

*As to multiplicity.* "Multiplicity is the charging of a single offense in several counts." *United States v Reedy*, 304 F3d 358, 363 (5th Cir 2002) (quotation marks and citation omitted). "Where a multipart transaction raises the prospect of multiplicity under a single statute, the question becomes whether separate and distinct prohibited acts, made punishable by law, have been committed." Id at 363–64 (quotation marks and citation omitted). To make this determination, a court must ascertain "the allowable unit of prosecution, which is the *actus reus* of the defendant." *United States v Planck*, 493 F3d 501, 503 (5th Cir 2007) (quotation marks and citations omitted). And it must then determine whether conviction under each allowable unit charged "requires proof of an additional fact" that the other charges don't require. *Reedy*, 304 F3d at 363; see also *Blockburger v United States*, 284 US 299 (1932).

Wiggins argues that a fraudulent loan application and the resulting disbursement only constitute a single wire-fraud charge. She thus contends that Counts Four and Six are multiplicitous because they rely on the same allegedly fraudulent PPP loan applications that underlie Counts Three and Five, respectively. Dkt 50 at 10–11; Dkt 93.

To the contrary, the Fifth Circuit holds that the allowable unit of prosecution under Section 1343 is *each use* of a wire *by* the defendant or *caused by* the defendant in furtherance of the scheme. See *United States v St Gelais*, 952 F2d 90, 96–97 (5th Cir 1992); *Jonas*, 824 F Appx at 228 n 3. A defendant *causes* a wire to be used by another where she "does an act with knowledge that the use of [interstate wires] will follow in the ordinary course of business, or where such use can reasonably be foreseen." *United States v Ingles*, 445 F3d 830, 835 (5th Cir 2006) (quotation marks and citation omitted); see also *United States v Hoffman*, 901 F3d 523, 548 n 15 (5th Cir 2018).

Count Three alleges here the use of a wire *by Wiggins* to submit the Wiggins & Graham Enterprise PPP loan application to Kabbage. Dkt 68 at 6. Count Four alleges the use of a wire by Kabbage—which was *caused by Wiggins*

3

via the fraudulent loan application—to transfer the Wiggins & Graham Enterprise PPP loan funds to a bank account controlled by Wiggins. Ibid. Count Five alleges the use of a wire *by Wiggins* to submit the Pink Lady Line PPP loan application to Kabbage. Id at 7. Count Six alleges the use of a wire by Kabbage—which was *caused by Wiggins* via the fraudulent loan application—to transfer the Pink Lady Line PPP loan funds to a bank account controlled by Wiggins. Ibid.

Counts Four and Six aren't multiplicitous of Counts Three and Five, respectively, because each count is based on a separate use of a wire by or caused by Wiggins in furtherance of the scheme. Four separate and distinct prohibited acts have therefore been committed. *Reedy*, 304 F3d at 363–64. And each count also "requires proof of an additional fact" that the other charges don't require—namely, proof of a distinct wire use.

*As to the money-laundering counts.* Wiggins argued that if Counts Four or Six were dismissed, then the corresponding money-laundering counts should also be dismissed. Dkt 50 at 16; Dkt 75 at 10. She conceded at hearing that this motion would rise or fall based on the resolution of the motion to dismiss the wire-fraud counts. Dkt 88 at 2. Because Counts Four and Six won't be dismissed, neither will Counts Seven through Eleven.

The motion by Defendant LaDonna Wiggins to dismiss Counts Four and Six for failure to state an offense or as multiplicitous is DENIED. Dkts 50 & 75.

The motion by Defendant LaDonna Wiggins to dismiss the corresponding money-laundering counts is likewise DENIED. Dkts 50 & 75.

SO ORDERED.

Signed on July 11, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge